## Case No. 8,313.

### In re LEWIS.

[2 Hughes, 320; 8 N. B. R. 546; 21 Pittsb. Leg. J. 77.] [1]

District Court, W. D. Virginia. 1873.[2]

BANKRUPTCY—PARTNERSHIP—PARTNERSHIP CREDITORS—INDIVIDUAL ASSETS AND CREDITORS —EQUITABLE RULE.

Section 36 of the bankrupt act [of 1867 (14 Stat. 534)] only applies to distribution of partnership and individual assets remaining after the satisfaction of liens thereon. And a creditor of a partnership having a lien on both the partnership and individual assets of the members may resort to either fund for payment, at his option, unless there are creditors having liens only on the individual fund, when the equitable rule as to two funds will apply, and the partnership creditor must first exhaust the partnership fund.
[Cited in Re Sandusky, Case No. 12,308.]

The land owned by the bankrupt individually, and deeded to him individually, having been sold by the assignee, the proceeds of that land are now claimed under a judgment first in order, obtained by Lanier & Co. against Lewis & Adams (in which partnership the bankrupt was a member) on a partnership debt; also by an individual credit-

---

[3] [From 3 N. B. R. 621 (Quarto, 153).]

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission. 21 Pittsb. Leg. J. 77, contains only a partial report.]

[2] [Affirmed by the circuit court; case unreported.]

or of Lewis, whose judgment is subsequent in time to the first.

The counsel for the partnership creditor contended: First. A debt against a partnership was joint and several, was the debt of each partner, and could be made out of the property of either. 3 Leigh, 548; 7 Leigh, 594; Colly. Partn. Second. That the judgment of the partnership creditor was a lien on all the lands of L. & A. from its date. Code Va. 1860, p. 77, § 6, and cases referred to in note. Third. That the 36th section of the bankrupt law provides for the distribution of the assets of the bankrupt arising from the sale of unincumbered property, and does not impair the lien of a judgment, as in a court of equity such distribution would be made preferring partnership and individual creditors where the proceeds arise from unincumbered property, yet when liens have been acquired before distribution is asked, those liens must be respected and discharged in full before distribution can be made. 4 Johns. Ch. 692, 620; 2 Hare & W. Lead. Cas. p. 312; 6 Barb. 470; 13 Grat. 615; 22 Pick. 450; 16 Pick. 572. Particularly, Straus v. Kerngood, 21 Grat. 584.

The counsel for the individual creditor insists that the 36th section did away with the liens; that the individual property must go to the payment of this individual debt, though that property was incumbered by a prior judgment.

E. E. Bouldin and I. H. Guy, for partnership creditors.

Messrs. Barksdale, Dabney, and others, for individual creditors.

RIVES, District Judge. On consideration whereof, the court is of the opinion that although in the distribution of the general assets of a bankrupt the partnership assets are to be first applied to the partnership debts, and the individual assets of any separate partner first applied to his individual debts according to the terms of the bankrupt law, yet when a judgment has been obtained by a partnership creditor against the members of a concern, such judgment operates as a several lien against the real estate of each partner, and if prior in point of time to a judgment obtained against an individual partner by an individual creditor of such partner, is to be preferred to such subsequent judgment; but the court is further of the opinion that when such partnership creditor can get satisfaction of any part of said judgment out of the partnership assets, the pro rata distribution to which such partnership creditor is entitled out of the partnership fund shall be first applied as a credit on said judgment against the separate partner in relief of the fund of such separate partner for the benfit of the separate creditor.

Upon appeal the foregoing decision was affirmed by Bond, Circuit Judge. [Case unreported.]